UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY C. APANOVITCH, | ) | CASE NO.: 1:91CV2221 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| MARC C. HOUK, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on Petitioner's pro se motion to recuse the undersigned pursuant to 28 U.S.C. § 455(a), filed on June 13, 2007 with a Supplement to the Motion filed on June 14, 2007.

According to 28 U.S.C. § 144, to be entitled to have a judge recuse himself, a party must: 1) file an affidavit that 2) states facts and reasons for the belief that bias or prejudice exists and 3) is filed not less than ten days before the beginning of the term at which the proceeding is to be heard (or good cause must be shown for failure to file the affidavit within that time) and 4) there must be a certificate from counsel to show that the affidavit is made in good faith.

A second recusal section, 28 U.S.C. § 455(a), additionally provides that a judge "shall" disqualify himself in "any proceeding in which his impartiality might reasonably be questioned." Section 455 is a self-executing recusal section. If a reasonable person, knowing all the relevant facts, would doubt the judge's impartiality, the judge is required to recuse himself. *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

The Court will first note that it will treat the *pro se* motion and supplement as an affidavit in support of the motion.  It is also important to point out that, although Petitioner is represented by counsel in the above matter, that counsel has failed to provide a certificate to show that the affidavit is made in good faith as required by the statute.

In addition to the misstatements of facts contained in the motion, Petitioner bases his claim of partiality on the fact that his motion suggesting procedures to follow on remand was denied. (ECF Doc. #88)  That is insufficient.  Petitioner must establish that the alleged bias and prejudice is personal, stemming from an extrajudicial source and resulting in an opinion on the merits on some basis other than what the judge has learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *United States v. Beneke,* 449 F.2d 1259, 1260 (8th Cir. 1971).  The mere fact that a judge has made an adverse ruling to a particular party during the course of the present judicial proceedings does not establish bias or prejudice on the part of a judge. *Berger v. United States*, 255 U.S. 22, 31 (1921); *Oliver v. Michigan State Board of Education*, 508 F.2d 178, 180 (6th Cir. 1974) *cert. denied*, 421 U.S. 963 (1975).

Accordingly, upon review of the motion and supplement thereto, and based on the reasons stated above, Petitioner's *pro se* motion is DENIED.

So ordered.

                                              _____*s/ Judge John R. Adams*_____
                                              JUDGE JOHN R. ADAMS
                                              UNITED STATES DISTRICT COURT