UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony C. Apanovitch, | ) | CASE NO.: 1:91CV2221 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Marc C. Houk, Warden, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | (Resolves Doc. 122) |
| | ) | |

This matter appears before the Court on Petitioner Anthony C. Apanovitch's motion requesting that discovery be permitted. Upon due consideration, the Court DENIES the motion.

Petitioner is a death row inmate seeking habeas relief under 28 U.S.C. 2254. Rule 6 of the Rules Governing § 2254 Cases provides as follows:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

The Sixth Circuit has described the impact of this Rule:

> Habeas petitioners have no right to automatic discovery. A district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause under Rule 6. … The burden of demonstrating the materiality of information requested is on the moving party.

*Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). The Court is also mindful that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

In his motion, Apanovitch seeks discovery on several issues. To examine whether discovery is necessary, the Court briefly details the procedural posture of this case. The matter appears before this Court following remand from the Sixth Circuit. Based upon that remand, the Court has one issue to consider: whether when reviewed cumulatively the exculpatory evidence withheld from Apanovitch was material.

Apanovitch first requests permission to depose Detective Anthony Zalar to ascertain "why he incorrectly testified" and "whether the police report was intentionally withheld[.]" Doc. 122 at 5. In addition, Apanovitch seeks to depose Detective Jack Bornfeld "about the manner he received and recorded the information" contained in the withheld statement. *Id.* The motive for withholding the evidence and/or the manner in which the evidence was obtained is irrelevant to the Court's analysis of materiality. Assuming *arguendo* that the evidence was intentionally withheld would not change the Court's analysis of its materiality. Accordingly, Apanovitch has not demonstrated any cause to depose either detective.

Similarly, Apanovitch seeks to depose the State of Ohio's trace evidence technician Barbara Campbell "to question why her report and the police report directly contradict her testimony" and whether she "intentionally withheld this information[.]" *Id.* at 6. Apanovitch also seeks to depose a pathologist and another detective that may or may not have been involved in activities related to the hair evidence that was withheld. Like the above request, nothing in the

discovery sought by Apanovitch would have any bearing on the Court's materiality analysis. That analysis will be limited to valuing the withheld evidence and reviewing the complete record of Apanovitch's criminal trial. There is nothing that could be gleaned from deposing the above individuals that would factor into the Court's analysis.

Apanovitch also seeks to depose these same individuals to determine how they "determined the secretor status of the victim and the perpetrator[.]" *Id.* at 7. The methodology used in reaching this information is also irrelevant to the claim pending before the Court. There is no claim pending dealing with the reliability of this evidence. Consequently, discovery related to this methodology is unnecessary.

Finally, Apanovitch seeks discovery "to inquire whether withholding the secretor status of the victim is a routing part of a homicide investigation." *Id.* at 8. Again, even assuming this fact to be true, the Court's analysis of the *sole* issue pending would not be altered.

Simply put, the Court's current task is to review whether in the absence of this exculpatory evidence Apanovitch received a fair trial. The discovery requested by Apanovitch would in no way assist the Court in resolving that issue and would instead only serve to confuse the issue. Consequently, Apanovitch's request for discovery is DENIED.

IT IS SO ORDERED.

August 18, 2008                    */s/ John R. Adams*
                                   JUDGE JOHN R. ADAMS
                                   UNITED STATES DISTRICT JUDGE