IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY APANOVITCH | ) | CASE NO. 1:91CV2221 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| MARC C. HOUK, WARDEN, | ) | ORDER |
| | ) | |
| Respondent. | ) | (Resolves Doc. 157) |

This matter appears before the Court on a motion to alter or amend judgment filed by Petitioner Anthony Apanovitch. Respondent, Marc C. Houk ("Warden"), has responded in opposition to the motion. The motion is DENIED.

**I. Facts**

On August 14, 2009, this Court entered an order denying Petitioner's habeas corpus petition. In issuing that ruling, the Court held as follows: "The Court concludes that the weight of the evidence supports a determination that DNA taken from Apanovitch is comparative to the DNA found on the oral slide taken from the victim." Doc. 155 at 6. In his motion, Apanovitch contends that he suffered a manifest injustice when this Court issued such a ruling without holding an evidentiary hearing. The

Warden has responded in opposition. The Court now resolves the pending motion.

**II. Analysis**

This Court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999) (citations omitted). Apanovitch contends that he has suffered manifest injustice because "[t]his Court was required to conduct a full and fair evidentiary hearing so the parties could litigate the numerous post-trial DNA issues raised by the DNA report; the Court is not permitted to simply put the two expert reports side by side and reach a conclusion." Doc. 157 at 7. The Court finds no merit in this contention.

Initially, the Court notes that Apanovitch has supplied no authority for his contention that an evidentiary hearing was required in this matter. To the extent that he appears to rely on the Confrontation Clause, the Court declines to accept such an argument. The Confrontation Clause, by its own terms, applies to "all criminal prosecutions." Apanovitch's habeas petition, a civil action, is not within the scope of the Sixth Amendment. Accordingly, the Confrontation Clause provides no basis to support Apanovitch's conclusion that he suffered a manifest injustice.

Apanovitch also appears to assert that newly discovery evidence mandates reconsideration. This so-called newly discovered evidence was made available to Apanovitch in December of 2008. This Court held its hearing on the chain of custody issue on February 26, 2009, and the Court did not issue its ruling until August 14, 2009. It is clear that the evidence was in Apanovitch's possession well prior to any decision. Accordingly, the Court declines to label the evidence "newly discovered." Furthermore, Apanovitch has offered no argument as to how this allegedly newly discovered evidence

impacts in any way the conclusions reached by the Court in its opinion and order. As such, this evidence provides no basis for the Court to reconsider its prior ruling.

Apanovitch also contends that he relied upon statements from this Court to his own detriment, including a letter this Court sent in response to a petition for a writ of mandamus. In that letter, dated June 6, 2007, the Court stated as follows: "based on what is known at this time it is likely that a hearing will be necessary once the DNA testing is complete, in order to allow Petitioner to challenge the chain of custody and testing procedures[.]" Apanovitch contends that he relied upon this statement and believed that a hearing will be held. Apanovitch, however, ignores that the letter indicated only that a hearing would be "likely" and that the letter was sent prior to receiving the DNA reports from *both* parties. Thus, to the extent that Apanovitch "relied" on such a letter, his reliance was unreasonable.

Apanovitch effectively argues that he was precluded from challenging the results of Respondent's DNA report. This statement is simply untrue. After receiving the DNA report, Apanovitch had his own expert examine the results and opine on alleged inconsistencies and problems with the report. The Court detailed the views of Apanovitch's expert and Respondent's expert in its order and opinion. Without any factual support, Apanovitch has insisted in his current motion that these inconsistencies could have been clarified and/or expanded through an evidentiary hearing. Contrary to Apanovitch's argument, the Court was able to review the two reports, identify the arguments and findings contained in each, and reach a conclusion. No amount of testimony from the parties could alter the conclusions drawn by the Court based on the full reports provided by each side. As such, no hearing on the issue was necessary.

To the extent that Apanovitch challenges the merits of this Court's decision with respect to the

chain of custody, the Court again finds no merit. Specifically, Apanovitch alleges that this Court has misunderstood his challenge. Apanovitch argues that he has not contended that the slides were tampered with, but rather that they are not what they purport to be: slides taken from the victim. The Court rejected this argument previously. Despite the imprecise bookkeeping of the Coroner's office, the testimony introduced indicated that the slides were engraved with a diamond tipped instrument with a particular number that corresponded to the victim. These same-numbered slides were later tested and found to have the DNA of Apanovitch and the victim. Accordingly, while Apanovitch seeks to distance himself from any "tampering" argument, his argument hinges on just such a finding. To find for Apanovitch, the Court would have to find that either the slides were tampered with or that the slides were actually later-created for the purpose of framing Apanovitch. The evidence supports neither claim.

The Court has fully reviewed the arguments contained in the motion and finds no merit in any of them. None of the arguments even purport to undermine the analysis performed by the Court. Instead, the arguments are each founded on unsupported speculation. Apanovitch continues to assert that with just one more hearing, everything will become clear to the Court and his arguments will no longer be misunderstood. Contrary to his arguments, the Court has fully understood the evidence and arguments before it. The evidence and law fully support the Court's prior order and opinion. Accordingly, the motion to alter or amend is DENIED.

IT IS SO ORDERED.

Date: <u>October 6, 2009</u>         <u>/s/ John R. Adams</u>
                                    JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE